UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRADRA L. GARNER,

        Plaintiff,

  v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 19-cv-531-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

    The plaintiff, representing herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states in her affidavit that she is not employed or married, and that she has a 13-year-old daughter she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists $854 per month in income ($608 from W2 and $246 from food stamps), id. at 2, and more than three times that amount in expenses ($850 rent, $420 car payment,

$361 alimony or child support, $40 washing clothing, $498 car insurance), id. at 2-3. The plaintiff owns a 2017 Hyundai Elantra, she does not own her home, she has no cash on hand or in a checking or savings account, and she does not own any other property of value. Id. at 3-4. Under section V, other circumstances, the plaintiff states "I'm not able to afford any fee's because I'm on a fixed income and are not able to work." The court is a little perplexed at how the plaintiff is managing to live and make most of her payments given that the stated amount of her rent is only $4 less than her total reported monthly income. However, based on the information in the affidavit, the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff alleges in her complaint that she has received an unfavorable decision from the Commissioner of the Social Security Administration, and that she "[hasn't] worked since 2003 due to severe PTSD

physical limitations." Dkt. No. 1 at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**